**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

DERRICK ALLEN,                )
                              )
        Plaintiff,             )
                              )
                              )        1:19cv700
        v.                     )
                              )
PHILLIP JORDAN, et al.,       )
                              )
        Defendants.            )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

**LEGAL STANDARD**

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with

filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

**BACKGROUND**

Asserting claims under "42 U.S.C. § 1983" for violation of his rights under the "14th Amendment, Section 1[,] 42 USC[] 3604(A) [,] 28 USC 4101 [Slander and Libel][,] 42 USC[] 3613(A)(1)[, and] 45 USC[] 3619," Plaintiff initiated this action against four defendants: (1) "Phillip Jordan" ("Defendant Jordan"), (2) "Juanita English" ("Defendant English"), (3) "Lenin Martinez-Gallo" ("Defendant Martinez-Gallo"), and (4) "Denise Forbes" ("Defendant Forbes"). (Docket Entry 2 at 1-3 (brackets around "Slander and Libel" as in original).) The Complaint states the following as the basis for asserting claims under Section 1983:

> [Plaintiff] ha[s] filed applications with Lennox at
> [P]atterson [P]lace and Feather Stone Apartments on more
> than one occasion in which each application was rejected

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

-3-

due to inaccurate information derived from third party
reporting agencies associated with Equifax, Trans-Union
and Experian. Each complaint [Plaintiff] ha[s] filed
with [h]uman relations[, Plaintiff] was [] told that
[h]uman relations will not investigate, even after
[Plaintiff] informed them that the charges were dismissed
or expunged.

(Id. at 4.) The Complaint's "Statement of Claim" states the following in its entirety:

> Initially, an order was entered by Human [R]elations on 05/9/2019 in re HUD # 04-16-5439-8 [a]nd [] on 06/12/2017 regarding HUD # 04-16-4944-8. Dismissal of these complaints occurred in Durham[,] North Carolina–Human Relations--agency # H-05-R-17 and Agency # H-13-R-17. Moreover, [Plaintiff] filed complaints with Human [R]elation[s] regarding denial of housing by Lennox at [P]atterson [P]lace and [F]eather [S]tone [A]partments the month of 06/2019 and it was communicated to [him] by [I]ntake [S]pecialist [Defendant] Forbes that the[re] would be no investigation.
> 
> With [F]eatherstone [A]partments[,] the initial complaint [was] filed [on] 05/5/2017 and [Plaintiff] reapplied on 06/11/2019[ a]nd for Lennox at [P]atterson [P]lace . . . [Plaintiff] filed a[] complaint 06/12/2017 and [] reapplied on 06/5/2019. [ O]n July 9th, 2019[,] a letter was sent by certified mail to [Plaintiff's] mother's place of residence . . . [f]rom Neighborhood [I]mprovement [S]ervices of Durham/Human [R]elation[s] stating '[t]he alleged violation is not a[] prohibited act' and that [Plaintiff] did not provide adequate information and did not sign[. However,] [Plaintiff] was not contacted to sign any form or asked to produce further information.
> 
> [Plaintiff] was discriminate[d] against[] because of race, color, religion, sex, familial status, or national origin and thes[e] acts were manifested by proxies of [H]uman [R]elations.

(Id. at 4-5.)  The Complaint also alleges that Plaintiff suffered "mental angu[ish and] homelessness" (id. at 5 (emphasis omitted)), and further requests that, "[i]f the [C]ourt finds [that] discriminatory housing practices occurred, . . . [that he] be compensated in the amount of $250,000.00 or . . . an amount that the [C]ourt [finds] sufficient" (id. at 6).

The Complaint also appends a (i) letter from the U.S. Department of Housing and Urban Development which confirms receipt of Plaintiff's complaint and indicates referral to the Durham Human Relations Commission (id. at 8); (ii) a rejection letter from the City of Durham's Neighborhood Improvement Services Department, Human Relations Division ("Human Relations"), signed by Defendant Jordan, notifying Plaintiff of the deficiencies in his complaint (id. at 9); (iii) an order and a portion of the report from Human Relations which details the investigation into the Plaintiff's complaint filed against Lenox at Patterson Place ("Lenox") (id. at 10-12); and (iv) a rejection letter from Lenox explaining that Plaintiff's "rental application [w]as [] declined because [Plaintiff] . . . did not meet the property's minimum rental requirements" (id. at 13-14).  In addition, the Complaint attached the Human Relations's order and full report as "Exhibit 1."  (See Docket Entry 2-1 at 1-6.)

**DISCUSSION**

**I. Official Capacity Claims**

As an initial matter, to state a claim for relief under Section 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights").[2]

Here, the Complaint seeks damages from all defendants in both their individual and official capacities based upon their failure to investigate Plaintiff's claims of housing discrimination practices. (See Docket Entry 2 at 1-7.) As to any official capacity claim, the Complaint identifies all defendants as

---

[2] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

employees of the City of Durham (see id. at 2-5, 9), "[s]uch a claim, in effect is against the governmental entity employing [the defendants]," Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). The City of Durham does not bear liability under Section 1983 "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978). The Complaint alleges no facts showing that any of these defendants acted pursuant to a policy or custom of the City of Durham (Docket Entry 2 at 1-7), and therefore, the Court should dismiss all official capacity claims (which seek only damages) against Defendants Jordan, English, Martinez-Gallo, and Forbes.

## II. Individual Capacity Claims

### A. Conclusory Allegations

The Complaint fails to state any individual capacity claim against Defendants Jordan, English, Martinez-Gallo, and/or Forbes. (See id. at 1-7.) The Complaint does not even so much as mention Defendants English and/or Martinez-Gallo (see id.), and, as to Defendant Forbes, asserts only that "it was communicated to [Plaintiff] by [I]ntake [S]pecialist [Defendant] Forbes that the[re] would be no investigation" (id. at 4). Further, although the Complaint states that Human Relations mailed Plaintiff a letter indicating deficiencies in Plaintiff's complaint (id. at 9), it

fails to allege any factual matter showing that Defendant Jordan's action, by providing his signature on the letter, violated Plaintiff's constitutional rights (see id. at 1-7).

Thus, even considered collectively, the Complaint and its attached documents fail to establish a Section 1983 claim against Defendants Jordan, English, Martinez-Gallo, and/or Forbes due to the lack of allegations suggesting that any of those defendants violated Plaintiff's constitutional rights. See American Mfrs. 526 U.S. at 49 (requiring allegations of a "depriv[ation] of a right secured by the Constitution or laws of the United States" to state a Section 1983 claim).

Put another way, nothing in the record indicates in any way that Defendants Jordan English, Martinez-Gallo, and/or Forbes engaged in any violation of Plaintiff's constitutional rights as remains necessary to state a plausible Section 1983 claim. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). The Court should therefore dismiss all individual capacity claims alleged against Defendants Jordan, English, Martinez-Gallo, and Forbes for failure to state a claim.

B. Inapplicable Statutes

In addition, all of the statutes upon which the Complaint relies fail to provide for a cause of action against Defendants. First, concerning the Complaint's reliance upon "28 U.S.C. 4101

[Slander and Libel]" (see id. at 3 (brackets in original)), "that section contains definitions used with respect to recognition of foreign judgments, which is inapplicable to the facts of this case and does not provide a private right of action under [Section] 1983." Dressler v. Jefferson Cty., WV, No. 2:18CV1126, 2019 WL 1052285, at * 1 n.1 (S.D. W. Va. Jan. 17, 2019) (unpublished), recommendation adopted, 2019 WL 1053626 (S.D. W. Va. Mar. 5, 2019) (unpublished).

Next, the remaining statutes concern the Fair Housing Act, but the Complaint fails to state a claim against Defendants under the cited statutes.[3] "The Fair Housing Act prohibits discrimination in rental housing based on 'race, color, religion, sex, familial status, or national origin.'" Parker v. Hunting Point Apartments, LLC, No. 1:15cv590, 2015 WL 5247692, at *3 (E.D. Va. Sept. 8, 2015) (unpublished) (quoting 42 U.S.C. § 3604). "A plaintiff may demonstrate a *prima facie* case of discrimination by showing that the challenged practice was motivated by a discriminatory purpose or had a discriminatory impact." Sudduth v. Vasquez, No. 1:08cv1106, 2009 WL 211572, at *2 (E.D. Va. Jan. 26, 2009) (unpublished) (emphasis in original) (quoting Betsey v. Turtle Creek Assocs., 736 F.2d 983, 986 (4th Cir. 1984)).

---

[3] The Complaint also alleges a violation of Plaintiff's rights under "45 USC[] 3619" (Docket Entry 2 at 3), however, no such statute exists.

The Complaint alleges that Plaintiff was "discriminate[d] against because of [his] race, color, religion, sex, familial status, or national origin" and that "thes[e] acts were manifested by proxies of [H]uman [R]elations." (Docket Entry 2 at 5.) However, the Complaint alleges in a conclusory manner only that Human Relations failed to investigate "denial of housing by [Lenox] and [F]eather [S]tone [A]partments" (id. at 4). The Complaint does not, at any point, base its allegations upon any discriminatory rental practices of Defendants. (See id. at 1-7.) Therefore, the Complaint has failed to state a claim against Defendants under the Fair Housing Act.

In any event, Plaintiff's own documents contradict the allegations of failure by Human Relations to investigate, particularly the report attached to the Complaint which details the investigation by Human Relations into Plaintiff's rental application and subsequent denial at Lenox. (See Docket Entry 2-1 at 1-6.) According to that report, Human Relations did not find "sufficient evidence to support the [Plaintiff's] allegation that [Lenox] committed acts of discrimination based on the [Plaintiff's] race in violation of the [] Fair Housing Act and the Fair Housing Ordinance of the City of Durham." (Id. at 5.) The report further provides that the denial of Plaintiff's application stemmed from his "failure to meet [Lenox's] credit history criteria." (Id.) After thorough investigation, Human Relations concluded that "there

[wa]s no evidence to support the allegation that [Lenox's] criminal background policy is discriminatory or that [Plaintiff's] criminal history was factored into the [] decision to deny him rental." (Id.) Further, Human Relations made a "determination of no reasonable cause" (id. at 2) and concluded that, "there [wa]s no evidence showing that [Lenox] imposed a higher application fee based on [Plaintiff's] race." (Id.)

Accordingly, the Court should dismiss Plaintiff's claims, to the extent they rely upon the cited statutes, for failure to state a claim.

## CONCLUSION

The Complaint does not allege that a policy or custom of the City of Durham caused any constitutional deprivation by Defendants Jordan, English, Martinez-Gallo, and/or Forbes, and/or any discriminatory conduct by Defendants Jordan, English, Martinez-Gallo, and/or Forbes. Further, the Complaint relies on statutes that do not apply against Defendants. Finally, the Complaint establishes that Defendants conducted a thorough investigation and determined that Plaintiff did not suffer from any discriminatory housing practices.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE**

**LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 13, 2020